UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                                              Chapter 7

A.N. FRIEDA DIAMONDS, INC.,                                         Case No. 15-11862 (MEW)

                                             Debtor.
------------------------------------------------------------------X
MATTHEW C. HARRISON, JR.,                                           Ad. Proc. No. 17-1103 (MEW)

                                             Plaintiff,

                v.

RONEN KONFINO, FRIEDA KONFINO, RONI
RUBINOV, NEW LIBERTY PAWN SHOP, INC.,
NEW YORK ESTATE BUYERS, and ABNER
RUBINOV,

                                             Defendants.
------------------------------------------------------------------X

## CHAPTER 7 TRUSTEE'S MOTION FOR ORDER OF CONTEMPT AGAINST DEFENDANT ABNER RUBINOV FOR FAILURE TO COMPLY WITH SUBPOENA

TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE:

      The application of MATTHEW C. HARRISON, JR., Chapter 7 Trustee for A.N. Frieda Diamonds, Inc., by his attorneys, VLOCK & ASSOCIATES, P. C., respectfully represents:

## JURISDICTION AND VENUE

      1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

2. On July 16, 2015, an involuntary petition was filed against A.N. Frieda Diamonds, Inc. (the "**Debtor**") for relief under chapter 7, title 11 of the United States Code.

3. By Notice of Election as Chapter 7 Trustee, dated November 12, 2015, Matthew C. Harrison, Jr. (the "**Trustee**") was appointed the Chapter 7 Trustee of the Debtor's estate.

4. The Trustee commenced the above-captioned Adversary Proceeding against the Defendants, seeking avoidance and recovery of certain pre-petition transfers made by the Debtor to the Defendants within 90 days before the filing of the bankruptcy petition.

5. On January 24, 2018, this Court issued a Judgment against the Defendant ABNER RUBINOV in the amount of $1,256,291.25 (the "**Judgment**").  A copy of the Judgment is annexed hereto as Exhibit "A."

6. By Order dated February 15, 2018, the Court authorized the Trustee to retain Vlock & Associates, P.C. as special litigation counsel to represent the Trustee in pursuing enforcement and collection on the Judgment.  A copy of this Court's Order dated February 15, 2018 is annexed hereto as Exhibit "B."

7. Vlock & Associates, P.C. issued a Subpoena dated March 28, 2018, directed to the Defendant ABNER RUBINOV, for the production of documents and for deposition.  Pursuant to the said Subpoena, the said Defendant was required to produce documents on May 4, 2018 and to appear for deposition on May 10, 2018.   A copy of the said Subpoena together with proof of service is annexed hereto as Exhibit "C."

8. On May 4, 2018, Mitchell Elman, Esq., as counsel for the Defendant ABNER RUBINOV, called and spoke with Stephen Vlock, Esq., counsel for the Trustee, regarding the said Subpoena.  Mr. Elman said that he had been retained by Defendant ABNER RUBINOV, that he

needed some time to review the matter, and needed an extension of time for the document production and deposition. Mr. Elman said he would review the matter and report back by May 9, 2018. Copies of the emails confirming these discussions are annexed hereto as Exhibit "D."

9. Thereafter, counsel for the parties exchanged voicemails and emails, and ultimately, during a telephone discussion on May 21, 2018, Mr. Elman stated that he would be filing a motion to seek to vacate the default against his client, ABNER RUBINOV.

10. However, many weeks have passed, and no such motion was ever filed. It appears that the Defendant is simply seeking to avoid compliance with the Subpoena. The Defendant clearly wants to forestall the efforts of the Trustee to recover the sums due on the Judgment.

## BASIS FOR RELIEF

A. **PURSUANT TO RULE 9020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(A) OF THE BANKRUPTCY CODE, THE COURT SHOULD HOLD THE DEFENDANT IN CONTEMPT OF COURT AND DIRECT HIM TO COMPLY WITH THE SAID SUBPOENA**

11. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

12. "The statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders." *Solow v. Kalikow*, 602 F.3d 82 (2nd Cir. 2010).

13. Rule 7069 of the Federal Rules of Bankruptcy Procedure ("FRBP") makes Rule 69 of the Federal Rules of Civil Procedure ("FRCP") applicable in Adversary Proceedings. FRCP Rule 69(a), provides, *inter alia*:

> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

14. Pursuant to FRCP Rule 45, the failure to comply with a Subpoena is punishable as a contempt of Court. FRCP Rule 45 is made applicable in this Court pursuant to FRBP Rule 9016.

15. In this case, the Defendant had no reasonable excuse for failing to comply with the Subpoena. The Defendant has forestalled his compliance with the Subpoena by, at first, claiming that he needed more time to provide the documents and appear for a deposition. Thereafter, the Defendant feigned that he was going to file a motion to vacate the Judgment. Now, many weeks later, no documents have been produced, no deposition has been taken, and no motion to vacate the Judgment has been filed. It is clear that the Defendant is simply refusing to comply with the Subpoena, in an effort to avoid the Trustee's efforts to recover on the Judgment of this Court.

16. As such, the Trustee has been and continues to be prejudiced by the failure of the Defendant to comply with the Subpoena, in that the Trustee is unable to recover upon the Judgment.

17. Accordingly, this Court should issue an Order of Contempt against the Defendant ABNER RUBINOV, and direct him to produce documents and appear for deposition forthwith.

**B.    THE COURT SHOULD AWARD ATTORNEYS' FEES AND COSTS TO THE TRUSTEE TO COMPENSATE FOR THE EXPENSE OF THE INSTANT MOTION**

18.    Where there is failure to comply with a Subpoena, it is appropriate for the Court to issue sanctions against the noncompliant party to compel them to comply.  As stated by the Court in *Riley v. Sciaba*, 334 B.R. 524 (Bankr. D. Mass., 2005):

> This Court has authority to enforce its subpoenas and orders by the power of civil contempt. The purposes of sanctions in a civil contempt proceeding are to coerce the contemnor into complying with an order of the court and to compensate the harmed party for losses sustained on account of the contempt. *In re Power Recovery Systems, Inc.*, 950 F.2d 798, 802 (1st Cir. 1991).

See also, *Seitz v. R. Investments Corporation*, 2006 Bankr. Lexis 2801 (Bankr. E.D.Pa., 2006) (Attorneys' fees awarded on finding of contempt).

19.    In this case, due to the Defendant's unreasonable refusal to comply with the Subpoena, and to coerce the Defendant to comply therewith, this Court should award attorneys' fees and expenses to the Trustee in an amount to be determined by the Court at the time of the hearing of this Motion.

WHEREFORE, it is respectfully requested that this Court grant the instant motion in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:    New York, New York
         July 2, 2018

VLOCK & ASSOCIATES, P.C.
Attorneys for Plaintiff
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 557-0020

By: s/*Stephen Vlock*
Stephen Vlock, Esq.
