# United States Bankruptcy Court

Southern District Of New York

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| A.N. FRIEDA DIAMONDS, INC. | ) | Case No. 15-11862 (MEW) |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

X-----------------------------------------------------------X
MATTHEW C. HARRISON, JR.

                      Trustee-Plaintiff,

  -against-                                        Adv. Pro. No. 17-01103 (MEW)

RONEN KONFINO, FRIEDA KONFINO
RONI RUBINOV, NEW LIBERTY PAWN
SHOP, INC., NEW YORK ESTATE BUYERS
and ABNER RUBINOV

                      Defendants,

  -and-

VNB NEW YORK, LLC,

                      Intervenor/Defendant.
X-----------------------------------------------------------X

**DEFENDANT NEW LIBERTY PAWN SHOP, INC. & RON RUBINOV'S<br>MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

**I. Overview**:

     Defendants RONI RUBINOV and NEW LIBERTY PAWN SHOP, INC. (together, "NEW LIBERTY") moves this Court for order(s) excluding certain evidence as specifically addressed hereinbelow. The application covers reference to evidence, testimony and/or argument primarily relating to matters raised in the Joint Pretrial Order dated October 10, 2019.

     By way of background, per the Amended Scheduling Order dated May 2, 2019, the Court

ordered that motions for summary judgment were to be filed on May 14, 2019 and that a final Joint Pretrial Order ("JPTO") was to be filed by May 7, 2019 (Doc#123). The Trustee did thereafter file a JPTO as well as its motion for summary judgment (dated May 14, 2019). NEW LIBERTY in turn filed a (cross) motion for summary judgment on July 2, 2019.

Both referenced motions were heard before the Court on July 30, 2019. At oral argument, the Court denied both respective motions for summary judgment and issued an Order confirming same on that date (Doc#138). Following argument, the Court discussed various trial issues (including duration) - wherein it was forecast that the trial would span the course of three to four days. Thereafter, the Court ordered trial to commence October 25, 2019 (continuing through October 30, 2019).

It is also noteworthy that through an Amended Scheduling Order, dated February 26, 2019, the Court had then fixed the final date for the discovery deadline - to March 15, 2019 (Doc#119). At a subsequent conference before the Court on March 26, 2019 - challenges were discussed concerning the Trustee's ability to establish what was, in fact - *property of the estate*. Nonetheless, discovery was deemed by the Court to be completed (noting that Trustee's counsel requested an additional extension). Forwarding to the hearing before the Court on July 30, 2019 - it was also discussed that the parties would amend May, 2019 JPTO regards to the parties fact an issue contentions.

On October 10, 2019, the parties filed an (amended) JPTO. Significantly, however, the Trustee has sought to expand the number of proposed exhibits and has added an additional six witnesses for the trial (see JPTO dated 10/10/19 annexed hereto as Exhibit A, pp 17-19, 21). As a consequence, this motion has been made necessary - based upon the grounds that much of

the challenged matters either contravene prior court orders and/or lack relevancy, materiality, authenticity, identity and/or violate(s) hearsay rules. As will be demonstrated below, allowing the challenged evidence in this case would result in prejudice to NEW LIBERTY and will otherwise lend to confusion and undue delay. Indeed, permitting the Trustees additional exhibits - as well as the additional witnesses - would likely extend the trial an additional 2 to 4 days.

**II.  The Applicable Legal Standard**:

This motion is made in part under the provisions of Federal Rules of Evidence (FRE) Rule 403, 401 et. seq., and is based upon the pleadings, orders and papers on file in this action - including the Joint Pretrial Order (October 10, 2019) and upon so much of the argument and evidence as may be presented prior to or at the trial of this matter.   As a fundamental concept, it is proper that the Court may exclude prejudicial evidence in advance of trial by way of an in Limine motion.  The Court has the inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41,105 S. Ct. 460, (1984); U.S. v. Caputo,  313 F. Supp. 2d 764, 767–68 (N.D. Ill. 2004), opinion vacated on reconsideration, 2004 WL 5576653 (N.D. Ill. 2004), amended in part, 2004 WL 5576652 (N.D. Ill. 2004); U.S. v. Lachman, 48 F.3d 586, 590–94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

FRE Rule 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice. See Old Chief v. U.S., 519 U.S. 172, 180–92, 117 S. Ct. 644, 45 Fed. R. Evid. Serv. 835 (1997); U.S. v. Aguilar-Aranceta, 58 F.3d 796, 800–02 (1st Cir. 1995); Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343, 59 Fed. R. Evid. Serv. 431 (3d Cir. 2002).  FRE Rule 103(d) and 104(c) notably allows the court to hear and

determine the question of the admissibility of evidence under these applications. <u>Williams v. Board of Regents of University System of Georgia,</u> 629 F.2d 993, 999–1001 (5th Cir. 1980).

<u>FRE Rule 402</u> states in pertinent part, "Irrelevant evidence is not admissible." <u>FRE Rule 401</u> provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." See <u>Huddleston v. U.S.</u>, 485 U.S. 681, 682–92, 108 S. Ct. 1496, 99 L. Ed. 2d 771, 25 Fed. R. Evid. Serv. 1 (1988); <u>U.S. v. Brandon</u>, 17 F.3d 409, 443–46 (1st Cir. 1994) (rejected on other grounds by, *U.S. v. Stockheimer*, 157 F.3d 1082 (7th Cir. 1998)). Most significant, the court has no discretion to admit irrelevant evidence. <u>U.S. v. Dean</u>, 980 F.2d 1286, 1288–89, 37 Fed. R. Evid. Serv. 733 (9th Cir. 1992).

The Federal Rules of Evidence clearly provide that this Court may exclude evidence when it is unduly confusing. In fact, <u>FRE Rule 403</u> specifically states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: *unfair prejudice*, *confusing the issues,* misleading the jury, *undue delay*, wasting time, or needlessly presenting *cumulative evidence* (emphasis added).

The Court may also exclude marginally probative evidence that might easily be confused. See, e.g., <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 582–98, 113 S. Ct. 2786, 125 L. Ed. 2d 469, 37 Fed. R. Evid. Serv. 1 (1993); <u>Navarro de Cosme v. Hospital Pavia</u>, 922 F.2d 926, 931–32 (1st Cir. 1991); <u>Coleman v. Home Depot, Inc.</u>, 306 F.3d 1333, 1341–47, 59 Fed. R. Evid. Serv. 431 (3d Cir. 2002); <u>Chase v. General Motors Corp.</u>, 856 F.2d 17, 18–20, 26 Fed. R. Evid. Serv. 1010 (4th Cir. 1988).

**III. Specific challenges to proffered evidence/testimony by the Trustee:**

A.  Documentary Evidence:

    A. [PX21]

NEW LIBERTY moves this Court for an order to exclude the Trustees Trial Exhibit *PX21,* - a *2* page document captioned "*Schedule of preference payments made to RR in the amount of $27,844 and copies of checks of the Debtor*" - from the trial of this matter. A copy of this exhibit is attached as Exhibit B[1] to the within Memorandum in support of this Motion.  The grounds for exclusion of this exhibit is as follows:

1. The exhibit is not relevant to the issues to be tried in this case.  First and foremost, "RONI RUBINOV, INC" is not a party to this action.  Accordingly, any alleged preferential payments made to this party are of no moment to the remaining issues to be tried (see Adversarial Complaint, 7th Cause of Action, p. 12).

2. The exhibit is accordingly prejudicial to the defendants in this action including the individual defendant - RONI RUBINOV. "RONI RUBINOV, INC" is a retail business which sells jewelry and operates out of a different location from that of NEW LIBERTY.

3.  Use of this exhibit and any argument there on would also result in confusion and trial delay.

    B. [PX7]

NEW LIBERTY moves this Court for an order to exclude the Trustees Trial Exhibit *PX7,* a *7* page document captioned "*Order dated March 18, 2016 and attachments consisting of handwritten pages listing inventory*" - from the trial of this matter.

---

[1] For the Court's convenience, we have collectively annexed the Trustee's challenged exhibits in one compilation (see Exhibit B). Each exhibit is marked in accordance with its notation per the JPTO (i.e. "PX21", "PX7", "PX19", "PX 22", PX46 and the new additional exhibit compilation provided by Trustee on 10/2/2019 - "PX47-PX52"). These selected exhibits appear in consecutive order which comports with the argument outline presented within this motion.

A copy of this exhibit is attached as Exhibit B to the within Memorandum in support of this Motion. The grounds for exclusion of this exhibit is as follows:

1. The exhibit (other than the actual court order itself) contains two handwritten memorandums which are not titled, signed nor dated and as such lack any genuine guarantee of trustworthiness and authenticity (FRE Rule 901). Moreover, the maker (or makers)[2] are presumably not properly identified as a trial witness and accordingly would render the documents inadmissible under FRE Rule 802 et. seq.

2. The exhibit is accordingly misleading, prejudicial, and cannot be deemed to be accurate.

C. [PX19]

NEW LIBERTY moves this Court for an order to exclude the Trustees Trial Exhibit *PX19,* a *1* page document captioned " *Schedule of cash reconciliations comparing loan transactions for 2014 to deposits to the Debtor's bank accounts in 2014 "* - from the trial of this matter.

A copy of this exhibit is attached as Exhibit B to the within Memorandum in support of this Motion. The grounds for exclusion of this exhibit are as follows:

1. The exhibit is not relevant to the issues to be tried in these cases.

2. The exhibit is misleading, prejudicial, and inaccurate.
Without the testimony of the debtor's principal RONEN KONFINO ("RK") - this summary table cannot be properly authenticated and tied to the underlying issues remaining to

---

[2] In the event the maker may be defendant RK, it is anticipated that defendant RK (as well as RK's wife – defendant FRIEDA KONFINO) – will not be appearing to testify at trial. NEW LIBERTY has been unable to secure this witness and the Trustee has not, upon information and belief, made any attempts to secure this party's appearance for trial.
.

be tried in this case.

D. [PX22]

NEW LIBERTY moves this Court for an order to exclude the Trustees Trial Exhibit *PX22,* a *1* page document captioned " *Invoice from AN Frieda to Motion In Time selling three (3) Rolex watches dated May 30, 2014 "* - from the trial of this matter. A copy of this exhibit is attached as Exhibit   to the within Memorandum in support of this Motion.  The grounds for exclusion of this exhibit are as follows:

1. The exhibit purports to reference a sale of watches by ANF to a third-party business. Without the testimony of the debtor's principal RK - this purported purchase order cannot be properly authenticated and tied to the underlying issues remaining to be tried in this case (FRE Rule 901/ FRE Rule 802 et. seq.).

2. The exhibit is not relevant to the issues to be tried in these cases.

3. The exhibit would be misleading and prejudicial.

E. [PX 46]

NEW LIBERTY moves this Court for an order to exclude the Trustees Trial Exhibit *PX46,* a *5* page document captioned "Summary Exhibit*"* - from the trial of this matter. A copy of this exhibit is attached as Exhibit B to the within Memorandum in support of this Motion.  The grounds for exclusion of this exhibit are as follows:

1. The exhibit is misleading and not verifiable.  This document has just been presented on the eve of trial and purports to summarize certain creditors of ANF who own select diamonds which they claim (may have been) pawned to NEW LIBERTY.  There is no indication who or what party drafted this document. The document is unsigned and undated and accordingly should be given no providence whatsoever (FRE Rules 403, 901) .

2. The exhibit would be prejudicial.  To permit the document to be used at trial would

substantially prejudice the rights of NEW LIBERTY - in part by placing themselves in a precarious position to cross-examine its drafter without being properly prepared. Moreover, without the call of a witness previously designated (assuming such a witness was the drafter) - the document by itself would be subject to the exclusionary hearsay rules (FRE 802).

3. The exhibit violates this Court's Order closing discovery on March 15, 2019 (Order dated February 26, 2019).

       F. [PX 47 - PX52]

NEW LIBERTY moves this Court for an order to exclude the Trustees Trial Exhibits *PX47 - PX52*. This compilation consisting largely of invoices/memorandums from various third-party diamond dealers/retailers (along with marked up NEW LIBERTY pawn contracts) - consists in total of *84* pages. The documents are captioned as follows:

> PX47 Affidavit of Amram Hochstein (Sienna Diamonds, Ltd.); PX48 Affidavit of Shmila Azar (Shmila Azar & Sons); PX49 Affidavit of Daniel Sklarin (Daniel Sklarin Trading Co.); PX50 Affidavit of Mordchai Moradi (M. Moradi Diamonds, Inc.); PX51 Affidavit of Mendel Wieder (MMW Diamonds Inc); PX52 Affidavit of Haim Soudry (Gem Processing Diamonds Ltd.).

A copy of these collective (6) exhibits is attached as Exhibit B (PX47 - PX52) to the within Memorandum in support of this Motion. The grounds for exclusion of this exhibit are as follows:

1. The exhibits are misleading and confusing. This document has just been presented on the eve of trial and purports that they are "affidavits". There are, however, no affidavits attached. Upon closer review, these exhibits merely contain random invoices or memorandums and NEW LIBERTY documents that have been highlighted in some fashion.

2. The exhibit would be prejudicial. To permit the documents to be used at trial would substantially prejudice the rights of NEW LIBERTY - in part by placing themselves in a precarious position to cross-examine its drafter(s)/organizers without being properly prepared.

3. The exhibit violates this Court's Order closing discovery on March 15, 2019 (Order dated February 26, 2019).

B. Witness Testimony:

NEW LIBERTY moves this Court for an order to exclude from the trial in this matter the testimony of the following witnesses (designated by the Trustee)[3]:

>   Amram Hochstein
>   Shmila Azar
>   Daniel Sklarin
>   Mordchai Moradi
>   Mendel Wieder
>   Haim Soudry

1. The grounds for this exclusion is that the proposed testimony of these third-party witnesses would be prejudicial, misleading and clearly result in excessive trial delay. Notably, NEW LIBERTY (having not had any prior notice), would be unprepared to effectively cross-examine such parties.

2. The witness notice effectively violates this Court's Order closing discovery on March 15, 2019 (Order dated February 26, 2019). Furthermore, no prior notice was given until the filing of the parties (amended) JPTO (October 10, 2019).

3. The testimony should therefore be excluded pursuant to FRCP Rules 26, 37 et. seq., (see also, FRE 403, FRE 602 and FRE 802). Even if the testimony had some remote relation to the issues, its probative value would be far outweighed by its likely prejudicial effect.

Notably, the Court has discretion to limit the number of witnesses at trial in part, to control the order of the trial and prevent cumulative and confusing testimony (FRE 403). See also: Peterson v. United States, 268 F2d 87 (10th Cir. 1959).

**IV. CONCLUSION**:

Based on the foregoing, NEW LIBERTY respectfully requests that this Court exclude all such proffered documentary evidence, witness testimony as well as any argument related thereto.

---

[3] These witnesses were designated for the first time - through the filing of the (amended) JPTO dated October 10, 2019 (see p.21).

Dated: New York, New York
October 11, 2019

Respectfully Submitted,

*Paul J. Solda*

PAUL J. SOLDA, ESQ.

(Attorney Ron Rubinov and New Liberty Pawn, Inc)
Empire State Building,
350 Fifth Avenue, 68th Floor
New York, N.Y. 10118
(212) 967-3393

Copies To:

Leo Fox, Esq.
(Attorney for Trustee)
630 Third Avenue, 18th Floor
New York, NY 10017
212. 867.9595
leofox1947@aol.com

Peter Janovsky, Esq.
Zeichner Ellman Krause LLP
(Attorneys for VNB New York LLC)
1211 Avenue of the Americas
New York, New York 10036
212. 223. 0400
pjanovsky@zeklaw.com

Joel Shafferman, Esq.
Shafferman & Feldman LLP
(Attorney for Defendant NY Estate)
137 Fifth Avenue, 9th Floor
New York, New York 10010
(212) 509-1802