**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                                                :
                                                             :   **Chapter 7**

    A.N. Frieda Diamonds, Inc.,                                  :
                                                              :   **Case No. 15-11862 (MEW)**
                Debtor.                                                        :

---------------------------------------------------------------x

MATTHEW C. HARRISON, JR.,                                :
                                                              :
                Trustee-Plaintiff,                                          :
                                                                  :
                          v.                                                          :   **Adv. Pro. No. 17-01103 (MEW)**

RONEN KONFINO, FRIEDA KONFINO,                         :
RONI RUBINOV, NEW LIBERTY PAWN                         :
SHOP, INC., NEW YORK ESTATE                            :
BUYERS and ABNER RUBINOV a/k/a                         :   BC 20,0015
AVNER RUBINOV                                          :

                Defendants.                                                :

VNB NEW YORK, LLC,                                       :

                Defendant-Intervenor and          :
                Cross-Claimant                    :

---------------------------------------------------------------x

## JUDGMENT

On August 2, 2017, a complaint commencing this adversary proceeding was filed by Plaintiff, Matthew C. Harrison, Jr., Chapter 7 Trustee (the "Trustee") for A.N. Frieda (the "Debtor"), against Defendants, Ronen Konfino, Frieda Konfino, Roni Rubinov, New Liberty Pawn Shop, Inc., New York Estate Buyers and Abner Rubinov. In the adversary proceeding, the Plaintiff sought to obtain judgments and avoid certain transfers of Debtor's property and to recover property transferred.

On October 2, 2017, an order was entered granting a motion by VNB New York, LLC ("VNB") to intervene in this action and it was made a party defendant/counterclaimant/cross-

claimant to the action [ECF No. 18]. On October 9, 2017, VNB filed it Answer, Counter-Claims and Cross-Claims in Intervention [ECF No. 21].

Orders were entered granting the Trustee's motions seeking default judgments, and judgments were entered against Ronen Konfino [ECF Nos. 76 and 77]; Frieda Konfino [ECF Nos. 80 and 81]; Abner Rubinov[1] (ECF Nos. 60 and 62] and New York Estate Buyers [ECF Nos. 61 and 63]. However, VNB's motion for entry of a default judgment against Abner Rubinov was denied without prejudice to a future application [ECF No. 83].

Thereafter, on July 3, 2018, Avner Rubinov and New York Estate Buyers moved to vacate the Default Judgments [ECF No. 87] and by Consent Order, dated September 7, 2017, it was agreed that the Default Judgments against Avner Rubinov and New York Estate Buyers would remain in place pending a determination of the merits of this action. [ECF No. 111]. On October 22, 2019, the Trustee filed a motion *in limine* to amend the caption and add Roni Rubinov, Inc. as a defendant in this adversary proceeding [ECF No. 143], which motion was denied by the Court for the reasons set forth on the record at the outset of the trial on October 25, 2019. [See transcript, ECF No. 154].

On November 5, 2019, a Joint Pre-trial Order was entered on the docket in which the parties stipulated to certain facts [ECF No. 145], and a four-day trial was held on October 25, 28, 29 and 30, 2019 [Transcripts of the trial are docketed at ECF Nos. 154, 155, 156 and 157].

A Stipulation and Order was entered on the docket on April 24, 2020, in which VNB's claim was assigned to the Trustee [ECF No. 159].

On April 29, 2020, the Court rendered its Decision After Trial, and held that New Liberty wrongly diverted property that was subject to the prior perfected secured claim of VNB; New

---

[1] The name was subsequently corrected to Avner Rubinov in an Amended Judgment. [ECF No. 112.]

Liberty's disposition of the collateral in deliberate disregard of VNB's perfected rights in that collateral constituted a conversion of property under New York law; VNB's claim has been assigned to the Trustee pursuant to the stipulation between those parties; based on the foregoing, it is therefore ADJUDGED and ORDERED that:

1. Judgment on VNB's claim will be entered in favor of the Trustee, and against New Liberty and Roni Rubinov, in the amount of $1,242,722.07.

2. The Default Judgments against Avner Rubinov and New York Estate Buyers will be vacated.

3. Judgment will be entered in favor of the defendants as to all other claims.

4. The Trustee's motion for permission to amend the caption and/or to add Roni Rubinov, Inc. as a defendant is denied.

5. The motions *in limine* filed on behalf of Roni Rubinov, New Liberty and Avner Rubinov are denied.

Dated: New York, New York
April 29, 2020

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE