**Akiva Shapiro**  **Akiva Shapiro Law, PLLC**
Attorney and Counselor-at-Law  Mailing Address:
1 West Park Drive  696 Old Bethpage Road #540
Old Bethpage, NY 11804  Old Bethpage, NY 11804
Phone: 347-435-6529 • Fax: 347-710-2543
Akiva@AkivaShapiroLawPLLC.com • www.AkivaShapiroLawPLLC.com

May 19, 2021

**Via ECF**
Honorable Michael E. Wiles
One Bowling Green
New York, NY 10004-1408
Daniel Patrick Moynihan
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Re: **Response to Letter from Stephen Vlock dated May 18, 2021**
Index No.: 15-11862 (MEW), Adversary Proceeding 17-01103 (MEW)
In Re: A.N. Frieda Diamonds, Inc., Debtor

Dear Judge Wiles:

I am in receipt of an email from Chambers requesting that I respond to Mr. Vlock's letter of May 18, 2021 by 3:00 pm tomorrow, May 20, 2021. I am presently in the middle of a two-day evidentiary hearing in a Supreme Court, Queens County matter. We began today and finished a short while before beginning this letter, and will be resuming at 9:00 am tomorrow, having today discussed the possibility of spilling over to into a third day.

Additionally, I have a deposition scheduled for Friday at 11:00 am in a Supreme Court, Nassau County matter, and had blocked out time this evening and Friday morning to continue to prepare. Finally, I tried to reach Mr. Rubinov this evening, and was unable to do so. For the foregoing reasons, I am unable to provide on the short notice a substantive response to Mr. Vlock's voluminous deficiency letter.

To honor the Court's directive, however, I will respond to several of the substantive "deficiencies" identified by Mr. Vlock.

A number of Mr. Vlock's request are improper. This procedure was to be a substitute for an oral deposition, which would have been conduced in person, with questions asked and questioned answered within the knowledge and recollection of the witness. Instead, Mr. Vlock is using it as an improper attempt to collaterally sidestep the Court's order of November 12, 2020, which denied Mr. Vlock's prior overreaching document discovery demands. Now, here, Mr. Vlock, rather than posing a series of relevant questions, instead improperly sought document production in questions 16, 23, 27, 36, 51, 52, 60, 61, 62, 63, 66, 67, 68, 74, 75, 76, 77, 78.

Mr. Vlock also objects to an answer of "I don't know" in questions 7, 32, and 69. If he were to ask the question in an oral deposition and receive that answer, that is the answer he would have to proceed with. It is not up to Mr. Vlock to continue to demand answers until he gets something he likes. The objection, Asked and Answered is hereby raised.

Akiva Shapiro Law, PLLC

Mr. Vlock further objects to a shortage of details provided in response to some of his questions, including question numbers 59, 60, 61, 62, 63, 70, 73, 76, 77, 77, and 78. His objections include:

59. The answer fails to address of the mortgage/loan holder…
60. The answer fails to provide the address of the bank…
61. The answer fails to provide the address of the bank…
62. The answer fails to provide the address of the bank…
63. The answer fails to provide the address of the bank…
76.a. The answer fails to provide the address of the creditor…
77.a. The answer fails to provide the address of the creditor
78.a. The answer fails to provide the address of the creditor…

It seems that Mr. Vlock is looking for an encyclopedic deponent, with some form of a super memory. I do not think any deponent would be able to provide the addresses of various banks and creditors in an oral deposition. His presumed insistence that Mr. Rubinov should scour his files to answer a deposition question is without basis.

Moreover, the substantive portion of the questions were answered:
59. Investor's Bank
60. Capital One Bank
61. TD Bank
62. Capital One Bank
Etc.

Whatever information Mr. Vlock needs he can subpoena from the banks. And each bank has its own legal processing department at an address different from where a branch may be, which he is going to have to obtain in any case. And address information including 800 numbers for further information is available on-line. The only purpose to Mr. Vlock's demand for information he can obtain easily on his own is to drive up the size of his deficiency document, so it looks impressive and makes Mr. Rubinov look non-cooperative and to drive up Mr. Rubinov's legal fee obligation.

In addition, Mr. Vlock is demanding response to questions about income, asset, debt, judgment, or legal interest information for Mr. Rubinov's wife and father. Neither are parties to this action. Mr. Vlock is on a fishing expedition and has articulated absolutely no relevance of his demands for this information to this case. He has no evidence of any wrongdoing on the part of either of these two non-parties or any relationship related to collection of a judgment against Mr. Rubinov or New Liberty. His sole argument amounts "there is no legal basis for your objection."

Addressing some of the smaller items:

4. There is no relevance to this collection matter when Mr. Rubinov became a citizen. He answered that he is a citizen.
18. Mr. Rubinov is not compelled to provide identifying information for his minor children, and, here again, there is no relevance.

# Akiva Shapiro Law, PLLC

      19. Mr. Vlock has articulated no relevance to the addresses of Mr. Rubinov's parents. He is seeking information for information's sake and will take everything he can get his hands on.
      20. What exactly is the relevance of when Mr. Rubinov graduated from High School?

      As a final proof of Mr. Vlock's propensity for reaching way out of bounds, Mr. Vlock's instructions in his Notice of Deposition on Written Questions, include a demand that all answers must include any knowledge of essentially anyone that Mr. Rubinov knows, including the undersigned:

> 5. The information which is sought herein **concerns not only the knowledge of the Defendant** answering these written deposition questions, **but also the knowledge and information available to** Defendant, **his**/her/its officers, employees, partnerships, **attorneys**, investigators, experts, consultants and all other agents, as well as to all persons acting on behalf of any and all such persons/entity. See attached.

      For the foregoing reasons, Mr. Vlocks' "deficiency" letter is nothing short of a master fishing expedition wish list designed in whole and in part to harass and badger Mr. Rubinov, who, I will remind the Court, is already suffering from severe health related issues due to this litigation. It is respectfully requested that the Court deny any further discovery against Mr. Rubinov at this time.

      Finally, I respectfully request that the Court adjourn the conference scheduled for May 21, 2021, to Monday, May 24, 2021 at 11:30 am or later that day, so that I may attend to my professional responsibilities for the two other aforementioned prior scheduled legal engagements.

      Thank you for your consideration.

Very truly yours

/s/ Akiva Shapiro

Akiva Shapiro, Esq.